IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                   No. CR 19-4439-JB

**JOSEPH M. PEREZ,**

      **Defendant.**

**MOTION TO CONTINUE TRIAL**

      COMES NOW undersigned counsel, Joe M. Romero, Jr., hereby moves the Court for an Order continuing the Trial currently set for 9:00 a.m. on January 27, 2020 before the Honorable James O. Browning, and as grounds therefore states:

      1.      Defendant Perez was arrested on November 11, 2019. He was charged in a Criminal Complaint with a single count of 21 USC 841(a)(1) and (b)(1)(B), Possession of 100 grams and more of heroin with intent to distribute. On December 3, 2019, an Indictment was filed charging him with the same offense.

      2.      On November 13, 2019, Defendant Perez appeared at a Preliminary Hearing and Detention Hearing. Defendant Perez was ordered released to the La Pasada Halfway House. On December 23, 2019, after a hearing was held on Defendant's Motion to Amend Conditions of Release, Defendant Perez was released to the third-party custody of his aunt, Josie Perez, in San Diego, California where he currently resides.  Since his release, Defendant Perez has been compliant with all conditions of his release.

3. Undersigned counsel respectfully requests a continuance of at least 45 days to complete several tasks that are vital to his defense. Specifically, undersigned counsel requests at least 45 days to: (i) resolve a scheduling conflict, (ii) complete the factual investigation of this case, (iii) file all necessary pre-trial motions (in particular a possible motion to suppress), (iv) prepare for trial, and (v) initiate plea negotiations.

4. Regarding the scheduling conflict, undersigned counsel is scheduled to appear at a jury trial set for January 28, 2020 in state district court in Las Vegas, New Mexico to represent another client at trial in a felony DWI case, to wit: <u>State of New Mexico v. Jose Alberto Herrera</u>, D-412-CR-2017-00295.

5. To render effective assistance of counsel, undersigned counsel requires a continuance to resolve his scheduling conflict and to allow time to review discovery and evaluate any potential motions, including dispositive motions, motions in limine, and analyze jury instructions.

6. Defendant Perez's right to the effective assistance of counsel includes adequate time to prepare a defense. Without adequate time to prepare for trial, Defendant Perez will be denied effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

7. Defendant Perez agrees with the requested continuance and will not be prejudiced by it. Additional time will not prejudice Defendant Perez and will permit him to prepare and file pretrial motions, further investigate his case, and prepare for trial. Undersigned counsel has discussed with Defendant Perez his rights under the Speedy Trial Act and Defendant Perez understands his need for a continuance and respectfully requests that the Court continue trial for at least 45 days as requested by his counsel. His agrees that the time between the current setting and the continued trial should not be counted for purposes of the Speedy Trial Act.

8. Undersigned counsel affirmatively states that under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the ends of justice and the public interest will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). A continuance of the trial date will allow for Defendant Perez and his counsel to complete plea negotiations, appointed counsel to prepare motions, evaluate the discovery, assess defenses, and prepare for trial. This motion is not predicated upon the congestion of the Court's docket.

9. Opposing counsel, AUSA Paul Spiers, does not oppose this motion.

WHEREFORE, Defendant Joseph Perez, by and through undersigned counsel, and the United States, respectfully requests that this Court continue the January 27, 2020 jury trial by 45 days.

        Respectfully Submitted,

        _____
        Joe M. Romero, Jr.
        Romero & Winder, PC
        Attorney for Defendant
        1905 Lomas Blvd. NW
        Albuquerque, NM  87104
        (505) 843-9776
        EM: joe@romeroandwinder.com

I HEREBY CERTIFY that on January 14, 2020, I filed the foregoing electronically through the CM/ECF system, which caused counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/
JOE M. ROMERO, JR.